[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20, 2007
THOMAS K. KAHN
CLERK

No. 06-14707
Non-Argument Calendar

_____

Agency No. A97-390-848

XI CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

No. 06-14708
Non-Argument Calendar

_____

Agency No. A97-390-850

XI TUO CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
_____

**(March 20, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Pro se Petitioners, Xi Chen and Xituo Chen, who are brothers and both natives and citizens of China, petition this Court to review the decision of the Board of Immigration Appeals ("BIA") affirming without opinion an Immigration Judge's ("IJ's") removal order and denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Petitioners argue that the IJ's adverse credibility finding was not supported by substantial evidence, and that they established a fear of future persecution, sufficient to warrant asylum, if they return to China. After careful review, we affirm.[1]

---

[1]Because we conclude Petitioners have not met their burden to establish their eligibility for asylum, we also conclude that they failed to meet the higher standard for withholding of removal under the INA or CAT relief. Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir.2001).

When the BIA adopts the IJ's decision, we review the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "To the extent that the [IJ's] decision was based on a legal determination, [our] review is de novo." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). "The IJ's findings of fact are reviewed under the substantial evidence test," meaning that we must affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1261 (11th Cir. 2004). Put another way, we will reverse the IJ only upon finding that the record compels that conclusion. Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

3

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his statutorily listed factor will cause future persecution. Al Najjar, 257 F.3d at 1287; 8 C.F.R. § 208.13(a), (b). "To establish asylum based on past persecution , the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Id. (citations omitted).

If an alien provides credible testimony, it may be sufficient, without corroboration, to establish his eligibility for relief from removal. Chen, 463 F.3d at 1231. However, an IJ's denial of asylum relief can be based solely on an adverse credibility determination if the alien does not produce corroborating evidence. Id. If the alien does provide corroborating evidence, the IJ may not rely solely on an adverse credibility determination and must consider the corroborating evidence. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). Once the IJ

4

explicitly finds that the alien lacks credibility, the burden shifts to the alien to show that the IJ's credibility determination "was not supported by specific, cogent reasons or was not based on substantial evidence." Chen v. U.S. Att'y Gen, 463 F.3d 1228, 1231 (11th Cir. 2006). Indications of reliable testimony include consistency on direct examination, consistency with the written asylum application, and the absence of embellishments. See In re B-, 21 I & N Dec. 66, 70 (BIA 1995).

Here, the IJ made an adverse credibility finding, for which she gave specific reasons, including that (1) Xi Chen's testimony before the IJ conflicted with his testimony at his credible-fear interview and with statements he made in his asylum application regarding how the Chinese officials discovered his wife's second pregnancy, when he learned that his wife had been sterilized, and the name of the friend at whose house the Chens hid from the Chinese authorities; and (2) Xituo Chen's testimony indicated that he did not know some of the facts that he and his brother were relying on in support of their claim for asylum. These inconsistencies, as well as the Chens' failure to provide detailed testimony in aid of their asylum claims, support the IJ's adverse credibility findings.

In addition to making adverse credibility findings, the IJ considered the Chens' corroborating evidence, which included "notarial birth certifications" and

an X-ray and hospital records associated with Xi Chen's wife's alleged involuntary sterilization. The IJ stated that she questioned the identity of each petitioner because although the petitioners left China with their own passports, they had failed to present legitimate passports in support of their petitions. Moreover, the IJ noted, among other indications of a lack of authenticity, that the Petitioners' birth certifications were issued simultaneously and after the Petitioners left China. As for Xi Chen's wife's X-ray and hospital report, the IJ observed that "the red seal [on the X-ray] does not consistently follow through from the paper document onto the photograph," and that the report did not establish that the existence of a forced sterilization. On this record, the corroborating evidence does not compel us to conclude that the IJ erred by finding that Xi and Xituo failed to carry their burden of showing that they had either suffered past persecution or had a well-founded fear of future persecution. Accordingly, we deny the petitions for review.

**PETITIONS DENIED.**